IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DOUGLAS PHILLIP HEFEL, | ) | |
| SHEILA KAY HEFEL, | ) | Bankruptcy No. 10-02787 |
| | ) | |
|    Debtors. | ) | |
| ------------------------------------- | | |
| DU TRAC COMMUNITY CREDIT | ) | |
| UNION, | ) | Adversary No. 12-09016 |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS PHILLIP HEFEL, | ) | |
| SHEILA KAY HEFEL, | ) | |
| | ) | |
|    Defendants. | ) | |

**ORDER RE: MOTION TO QUASH AND MOTION
FOR PROTECTIVE ORDER, AND JOINDERS**

This matter came before the undersigned for telephonic hearing on April 27, 2012. The following attorneys entered appearances: Peter Arling and Stephen Krumpe for Plaintiff Du Trac Community Credit Union; Steve Wandro and John Parmeter for Debtors Douglas and Sheila Hefel; Joseph Kane for twelve parties who filed Joinders in the Motion to Quash; and Matthew Craft for Hawk Development, Ltd., Adelene Hefel, Bernard Hefel and Randy Hefel.

## STATEMENT OF THE CASE

Plaintiff Du Trac Community Credit Union filed this adversary proceeding seeking revocation of discharge, asserting fraud by false oath and concealment of property. Debtors filed an answer and a Motion for Summary Judgment asserting the doctrine of res judicata precludes this action. They assert Trustee's Court-approved Motion to Compromise, related to Debtors' claims of exemption in their interests in closely-held entities, resolves the claims raised in Du Trac's adversary Complaint.

Debtors filed the Motion to Quash and Motion for Protective Order on April 23, 2012. They state Plaintiff has issued supoenas and requests for production on nine other individuals and businesses with deadlines of April 27, 2012. These seek voluminous documentation regarding Debtors' assets and the closely-held entities they previously claimed exempt. Debtors assert the requests are duplicative of discovery Plaintiff obtained on the issue of exemptions, include property that was not property of the bankruptcy estate, or include irrelevant information arising postpetition. They argue production of all the documents requested would cause undue burden and expense.

Twelve parties filed joinders in Debtors' Motion to quash: Ridgeway, L.L.C.; Hefel, LLC; A & B Holdings of Dubuque, LLC; ABC Hefel Limited Partnership; Hefel Equipment, Inc.; Star Water Company; Precision Dance Co.; Terrence J. Hefel; Star Properties, L.L.C.; Star Builders Inc.; Westgate Communities, LLC; and Dubuque Injection Service Co. In addition, Randy Hefel, Bernard Hefel, Adelene Hefel and Hawk Development, Ltd. also filed a joinder in the Motion.

Plaintiff responds it is seeking more information than it received regarding the exemption issue. Certain transactions have come to light after the exemption litigation. In addition, Plaintiff did not receive all the documentation that Trustee received. It has compared its information with Trustee's and further documentation is necessary regarding its claims in this adversary proceeding. Plaintiff states it is willing to discuss the information sought with the other parties in order to avoid duplication of efforts. It offered to pay copy costs to receive the documentation requested.

## CONCLUSIONS

The rules for discovery are to be accorded broad and liberal treatment. Credit Lyonnais, S.A. v. SGC Int'l Inc., 160 F.3d 428, 430 (8th Cir. 1998); quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947). "The purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice." Greyhound Lines, Inc. v. Miller, 402 F.2d 134, 143 (8th Cir. 1968). The rules are meant to insure that the right inquiries are made and the parties can obtain mutual knowledge of all the relevant facts. Mawby v. U.S., 999 F.2d 1252, 1254 (8th Cir. 1993).

The Court, in its discretion, concludes that Plaintiff's subpoenas and requests for productions should not be quashed. Plaintiff is entitled to seek information pursuant to a liberal interpretation of the discovery rules. At the hearing, Plaintiff professed it was open to discussions to limit duplication of efforts between the parties and between this litigation and the exemption litigation. In addition, Plaintiff offered to pay a reasonable amount for copying costs. The Court finds that the cost for copies should be $0.10. See McFarland v. McFarland, 2011 WL

3

5554267, at *3 (N.D. Iowa Nov. 15, 2011) (allowing recovery of costs at the rate of $0.10 per page for each copy).

At the hearing, the Court extended the deadline to comply with Plaintiff subpoenas and requests for production to Friday, May 4, 2012. Considering the posture of this adversary proceeding, the Court hereby extends the deadline to comply with the subpoenas and requests for production to Monday, May 14, 2012.

**WHEREFORE**, the Motion to Quash and Motion for Protective Order is DENIED.

**FURTHER**, Plaintiff shall be responsible for the cost of photocopies at the rate of $0.10 per page.

**FURTHER**, the deadline for the parties to comply with Plaintiff's subpoenas and requests for production is extended to May 14, 2012.

Dated and Entered: May 1, 2012

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4