IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DOUGLAS PHILLIP HEFEL, | ) | |
| SHEILA KAY HEFEL, | ) | Bankruptcy No. 10-02787 |
|     Debtors. | ) | |
| -------------------------------------- | | |
| DU TRAC COMMUNITY CREDIT | ) | |
| UNION, | ) | Adversary No. 12-09016 |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS PHILLIP HEFEL, | ) | |
| SHEILA KAY HEFEL, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned for telephonic hearing on May 11, 2012 on Debtors/Defendants' Motion for Summary Judgment. Debtors/Defendants Douglas and Sheila Hefel were represented by Attorneys Steven Wandro and John Parmeter. Plaintiff DuTrac Community Credit Union was represented by Attorneys Peter Arling and Stephen Krumpe. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## STATEMENT OF THE CASE

Debtors seek summary judgment in their favor. After considering DuTrac's Motion to Continue, the Court decided to limit consideration of the Motion for Summary Judgment to Debtors' claim of res judicata. Debtors argue the claims asserted in DuTrac's Complaint are precluded from further litigation by the Court's Order granting Trustee's Motion to Compromise in the Chapter 7 case. DuTrac argues that the claims asserted in this proceeding were not litigated in the pre-discharge proceedings in the Chapter 7 case.

## STATEMENT OF FACTS

DuTrac's complaint seeks revocation of discharge for fraud by false oath and concealment of property based on Debtors' undervaluing an interest in Dubuque Injection Service, failing to list assets under their control, and failing to report the transfer of their 1989 Baja boat. Debtors argue that, except for the claim concerning the transfer of the boat, the doctrine of res judicata provides a legal basis for granting summary judgment for Debtors. They assert the Order granting Trustee's Motion to Compromise (Doc. 133) filed September 19, 2011 in Debtors' Chapter 7 case, No. 10-02787, precludes DuTrac from asserting the claims set out in its adversary complaint herein.

DuTrac argues the claims herein were not asserted by Trustee or included in the Compromise and they were clearly not litigated in the Chapter 7 pre-discharge proceedings. Also, DuTrac asserts issues of fraud are not properly decided on summary judgment. DuTrac further argues it should be allowed adequate time for discovery.

2

Debtors also argue DuTrac had knowledge prior to discharge which it did not diligently investigate which precludes revocation of discharge. This is an element of DuTrac's § 727(d)(1) claim which is not ripe for adjudication at this time and not subject to summary judgment based on claim preclusion.

## CONCLUSIONS OF LAW

Motions for summary judgment define disputed facts and issues and dispose of unmeritorious claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 585, (2007). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009); Timmerman v. Eich, 809 F. Supp. 2d 932, 941 (N.D. Iowa 2011). Summary judgment is particularly appropriate when only questions of law are involved. Cremona v. R.S. Bacon Veneer Co., 433 F.3d 617, 620 (8th Cir. 2006). The court in Timmerman noted that issue preclusion, which turns on the legal question of whether the prerequisites are met, was appropriate for determination on summary judgment. 809 F. Supp. 2d at 946.

Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." Regions Bank v. J.R. Oil Co., LLC, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action". Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998). The Eighth Circuit interprets the phrase "the same claims or

causes of action" to mean claims that arise out of the same nucleus of operative facts. Banks v. International Union EETSM Workers, 390 F.3d 10439, 1052 (8th Cir. 2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24).

The Eighth Circuit has also noted that "fraud is normally an exception to res judicata," citing Restatement (Second) of Judgments § 26 cmt. j. Jefferson Smurfit Corp. v. United States, 439 F.3d 448, 452 (8th Cir. 2006). The Restatement comment states: "A defendant cannot justly object to being sued on a part or phase of a claim that the plaintiff failed to include in an earlier action because of the defendant's own fraud." Restatement (Second) of Judgments § 26 cmt. j.

In Lovell v. Mixon, 719 F.2d 1373, 1379 (8th Cir. 1983), the court concluded that res judicata did not apply to preclude a trustee's action to deny discharge based on fraudulent transfers under § 727(a)(2), where the trustee had previously utilized proceedings to recover fraudulent transfers under § 548 based on the same transactions. The court noted the differences in the timing and level of proof required in § 727 actions as compared to § 548 actions. Id. at 1378. In addition, "[t]o apply res judicata to bypass the further hearing under § 727 would defeat that statutory scheme which permits the trustee to litigate § 548 claims and § 727 claims separately." Id.

The Bankruptcy Appellate Panel has concluded that "[r]es judicata does not prevent [a] lien avoidance motion after the termination of the automatic stay because the two motions do not involve the same cause of action." In re Ginter, 349 B.R. 193, 196 (B.A.P. 8th Cir. 2006). In In re Ladd, 450 F.3d 751, 754-55 (8th Cir. 2006), the court held that res judicata did not preclude the debtors from claiming a state law homestead exemption after they were denied a federal homestead

4

exemption, finding the causes of action were not the same.   The court in In re Barrow, 87 B.R. 879, 884 (Bankr. E.D. Va. 1988), noted that the Bankruptcy Code itself affords creditors two opportunities to challenge a discharge – the § 727(a) right to object to discharge and the § 727(d) right to request revocation of discharge for just cause.   It stated:

> Section 727(d) acting almost as a statutorily created exception to the res judicata doctrine, tracks the general principle that res judicata is inapplicable to "cases where fraud, concealment, or misrepresentation have caused the plaintiff to fail to include a claim in a former action."

Id. (citing Restatement (Second) of Judgments § 26, cmt. j).

It is debatable whether res judicata applies where a cause of action is sought to be precluded by a determination by stipulation or consent judgment.   See Gall v. South Branch Nat'l Bank, 783 F.2d 125, 127 (8th Cir. 1986); Coates v. Kelley, 957 F. Supp. 1080, 1084 (E.D. Ark. 1997) (collecting cases).   As a general rule, "a consent judgment has no issue-preclusive effect unless it is clearly shown that the parties intended to foreclose a particular issue in future litigation."   Coates, 957 F. Supp. at 1084, quoting United States v. Brekke, 97 F.3d 1043, 1049 (8th Cir. 1996).

## ANALYSIS

As noted at the hearing, the Court is limiting its decision on the Motion for Summary Judgment to the legal question of whether this action is barred by res judicata or claim preclusion.   The second of the four elements of claim preclusion appears to be uncontested.   The parties do not dispute that this Court had proper jurisdiction over the Motion to Compromise in the Chapter 7 case.   The third element of claim preclusion is that both suits involve the same parties or those in privity with them.   DuTrac notes that it was not a party to the Motion to Compromise but actually objected to it.   The Court notes, however, it is arguable

5

that Trustee and DuTrac, as Debtors' largest and only remaining unsecured creditor after the compromise, at least have similar goals to maximize the value of the bankruptcy estate for the benefit of unsecured creditors.

The existence of the first element of claim preclusion, that the first action resulted in a final judgment on the merits, is debatable. The September 19, 2011 Order approved a compromise between Trustee and Debtors over the objection of DuTrac. DuTrac argued that Trustee could pursue litigation for greater benefit to creditors rather than abandoning the estate's interest in various closely-held corporations. The Court concluded the compromise was within the range of reasonableness and in the best interests of creditors and the estate. It did not, and was not required to, conduct a trial on the merits of the underlying issues.

The remaining element, however, is the most troublesome to Debtors' position that this action is precluded by the Order approving the Motion to Compromise. Here, DuTrac claims Debtors' discharge should be revoked under § 727(d) based on their fraudulent false oath and concealment of property regarding undervaluing an interest in Dubuque Injection Service and failing to disclose assets under their control. The element of fraud itself is normally not subject to the application of claim preclusion. Furthermore, § 727(d) acts as a statutory exception to claim preclusion, allowing creditors to seek revocation of discharge after the time expires to challenge the entry of discharge. Nothing in the proceedings to approve the Motion to Compromise raised the issue of fraud. Those proceedings focused on a separate potential asset of the bankruptcy estate, Westgate Communities, LLC, and the Order approving the compromise does not mention Dubuque Injection Service which is the focus of this adversary proceeding. The bankruptcy estate's interest in this entity, however, was also abandoned as part of the compromise.

In summary, the Court concludes Debtors are not entitled to summary judgment based on claim preclusion. They have failed to convince the Court that the Order approving the Motion to Compromise satisfies all four elements of that doctrine. The two proceedings are not based on the same claims or causes of action and it is debatable whether the earlier Order constitutes a final judgment on the merits or whether both proceedings involve the same parties.

**WHEREFORE**, Debtors/Defendants' Motion for Summary Judgment is DENIED.

Dated and Entered: May 21, 2012

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE