IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DOUGLAS PHILLIP HEFEL, | ) | |
| SHEILA KAY HEFEL, | ) | Bankruptcy No. 10-02787 |
| | ) | |
| Debtors. | ) | |
| ------------------------------------------------------- | | |
| DU TRAC COMMUNITY | ) | |
| CREDIT UNION, | ) | Adversary No. 12-09016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS PHILLIP HEFEL, | ) | |
| SHEILA KAY HEFEL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER RE: PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

This matter came before the undersigned on December 21, 2012 for telephonic hearing on Plaintiff's Motion for Summary Judgment.   Attorneys Peter Arling and Steve Krumpe appeared for Plaintiff DuTrac Community Credit Union. Attorney John Parmeter appeared for Debtors/Defendants Douglas and Sheila Hefel. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## STATEMENT OF THE CASE

DuTrac Credit Union moves for summary judgment on its complaint to revoke discharge for false oath and account, and for fraudulent concealment of property.   It argues the record establishes that Debtors fraudulently concealed interests in a business and cell phones and failed to list all interests in property on schedules and at the § 341 meeting.   The property interests include life insurance policies held by trusts, contingent interests in trusts, reimbursement checks, and interests in business entities.   DuTrac also states Debtors failed to disclose the sale of a 26.5-foot power boat a few months before the date of their bankruptcy petition.

Debtors object.   They argue some of DuTrac's allegations were not pled in the Complaint.   Debtors assert DuTrac cannot meet its burden of proof on false oath and concealment.   Also, discharge should not be revoked unless DuTrac proves it did not have knowledge, prior to entry of the discharge, of the issues it now raises.

DuTrac asserts its claims have not changed but it has found additional evidence of fraud by Debtors during discovery.   It argues Debtors' fraudulent intent is established by the circumstances and Debtors' course of conduct.   DuTrac attempted to investigate pre-discharge, but did not learn of the fraud until after the discharge entered.   It will file an amended complaint if necessary.

## CONCLUSIONS OF LAW

"Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."   In re Unterreiner, 699 F.3d 1022, 1025 (8th Cir. 2012).   The question of a debtor's fraudulent intent is

generally an issue of fact.    In re Olson, 916, F.2d 481, 484 (8th Cir. 1990); In re
Peterson, 356 B.R. 468, 476 (Bankr. N.D. Iowa 2006).

Revocation of a discharge is an extraordinary remedy to be sparingly applied.
In re Kasden, 209 B.R. 239, 241 (B.A.P. 8th Cir. 1997).    Under § 727(d)(1), the
plaintiff must prove each element by a preponderance of the evidence.    In re
Toftness, 439 B.R. 499, 501 (B.A.P. 8th Cir. 2010).    These elements are:    1) the
discharge was obtained through the debtor's fraud and 2) the plaintiff did not know
of the fraud until after entry of the discharge.    In re DePriest, 414 B.R. 518, 521
(Bankr. W.D. Mo. 2009).    The element of the debtor's fraud has been construed to
include behavior which would be sufficient to deny discharge under § 727(a)(2)-(5).
In re Osborne, 476 B.R. 284, 292 (Bankr. D. Kan. 2012).    In Peterson, this Court
revoked discharge based on the debtor's false oath under § 727(a)(4)(A).    356 B.R.
at 478-79.    It noted that "debtors have an 'absolute duty to report whatever interests
they hold in property, even if they believe their assets are worthless.'"    Id. at 478,
quoting Kasden, 209 B.R. at 243-44.

To prove fraudulent concealment of property under § 727(a)(2)(A), the
plaintiff must prove the following elements:    (1) the act complained of was done
within one year prior to the petition date; (2) the act was that of the debtor; (3) it
consisted of a transfer, removal, destruction or concealment of the debtor's property;
and (4) it was done with an intent to hinder, delay, or defraud either a creditor or an
officer of the estate.    In re Grimlie, 439 B.R. 710, 716 (B.A.P. 8th Cir. 2010);
Peterson, 356 B.R. at 477.    The elements of false oath under § 727(a)(4)(A) are:
"(1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor
knew the statement was false; (4) Debtor made the statement with fraudulent intent;

3

and (5) the statement related materially to the Debtor's bankruptcy case."   In re Freese, 460 B.R. 733, 738 (B.A.P. 8th Cir. 2011).

"[F]raudulent intent may be established by circumstantial evidence."   In re Charles, 474 B.R. 680, 684 (B.A.P. 8th Cir. 2012).   Statements made with reckless indifference to the truth can be regarded as intentionally false.   Id.   "Multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth, which is the functional equivalent of intent to deceive."   Peterson, 356 B.R. at 478, quoting In re Geller, 314 B.R. 880, 807 (Bankr. D.N.D. 2004).   A statement is material to the bankruptcy case if it bears a relationship to the debtor's business, transactions or estate, or concerns the discovery or disposition of property. DePriest, 414 B.R. at 522.

## PLEADING AND AMENDMENTS

Under Rule 9(b), "a plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting fraud."   E-Shops Corp. v. U.S. Bank N.A., 678 F.3d 659, 663 (8th Cir. 2012).   The complaint must set forth the "who, what, when, where, where, and how" surrounding the alleged fraud.   Id.

Rule 15(a) governs the pretrial amendment of pleadings and provides that leave to amend should be freely given when justice so requires.   Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012).   Rule 16(b) applies to the modification of pretrial scheduling orders and provides that the schedule may be modified only for good cause.   Id.   The diligence of the moving party is the primary measure of good cause.   Id.   "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings, then [the court] may conclude that the moving party has failed to show good cause."   Id. (internal marks removed).

## ANALYSIS

The Court has reviewed DuTrac's allegations and Debtors' responses. Because fraudulent intent is a factual question, the Court declines to grant DuTrac summary judgment. DuTrac claims Debtors' statements in schedules and elsewhere contain multiple inaccuracies or deficiencies. Allowing the parties to augment the current record with testimony at trial will give the Court a more complete picture of the circumstances.

Debtors argue that DuTrac has failed to properly plead all the particulars required for a claim of fraud. The Court notes that the Scheduling Order (Doc. 7) sets May 18, 2012 as the deadline for amending pleadings. The discovery deadline was extended without objection by Debtors to October 31, 2012. Debtors assert DuTrac included new claims of fraud in its Motion for Summary Judgment and the Joint Pre-Trial Statement filed November 30, 2012. DuTrac argues all its claims are encompassed by the original complaint. It offers, however, to amend the complaint if necessary.

The Court concludes that DuTrac has shown cause to allow amendment of the complaint outside the deadline in the Scheduling Order. DuTrac uncovered information during discovery which is not included in the original complaint. Cause exists to grant DuTrac time within which to amend the complaint to include the "who, what, when, where, where, and how" surrounding each of the allegations of fraud set out in the Joint Pre-Trial Statement and Motion for Summary Judgment which were not included in the original complaint.

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is DENIED.

**FURTHER**, DuTrac has until January 25, 2013 within which to amend the complaint to plead each allegation of fraud with particularity.

Dated and Entered: January 7, 2013

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

6